1  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   jwakefield@fenwick.com
2  GUINEVERE L. JOBSON (CSB NO. 251907)
   gjobson@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, California 94104
   Telephone: (415) 875-2300
5  Facsimile:  (415) 281-1350

6  Attorneys for Plaintiff
   SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SYMANTEC CORPORATION, a Delaware corporation, | Case No. 5:11-cv-00760-EJD |
|---|---|
| Plaintiff, | **SYMANTEC CORPORATION'S CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| COMODO GROUP, INC., a Delaware corporation, | Date:      April 6, 2012<br>Time:      10:00 A.M.<br>Courtroom: 1, 5th Floor |
| Defendant. | Judge:     Hon. Edward J. Davila |

Plaintiff Symantec Corporation ("Symantec") submits this Case Management Statement and respectfully requests that the Court further continue the case management conference approximately 60 days from the date of this statement.  Since Symantec filed its last CMC statement (Dkt. No. 23), the parties have continued to be engaged in meaningful settlement discussions, and have made significant progress in that regard.   The parties have reached an agreement in principle which is expected to resolve all issues in this litigation as well as related opposition proceedings before the United States Trademark Trial and Appeal Board.  The parties have exchanged multiple drafts of the agreement in principle and only a few narrow issues remain outstanding before the parties are able to finalize.  Symantec therefore requests a 60-day

1  continuance of the case management conference and of the Rule 26 disclosure obligations to

2  provide the parties with sufficient time to pursue their ongoing settlement efforts.

3  **I.     THE PARTIES**

4       Symantec is a Delaware corporation with its principal place of business at 350 Ellis Street,

5  Mountain View, California.  Symantec provides, *inter alia*, computer, network and Internet

6  security technology, providing content and network security software and appliance solutions to

7  individuals, enterprises and service providers.  In August 2010, Symantec completed its

8  acquisition of VeriSign's identity and authentication business, along with related trademarks.

9       Upon information and belief, Comodo is incorporated in Delaware and has a principal

10 place of business at 525 Washington Blvd., Jersey City, New Jersey.  Upon information and

11 belief, Comodo operates a website at *www.comodo.com* and it develops internet security

12 solutions.

13 **II.    JURSIDICTION AND SERVICE**

14      Plaintiff Symantec served Comodo on May 18, 2011.  *See* Dkt. No. 11.  This action arises

15 under the Lanham Act (15 U.S.C. §§ 1051-1127 *et seq*.), federal false designation of origin law

16 (15 U.S.C. § 1125(a)), California Business and Professions Code Section 17200, and the common

17 law.  Symantec contends that this Court has jurisdiction over this subject matter pursuant to

18 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.  This Court has jurisdiction over

19 the state law claims pursuant to 28 U.S.C. §§ 1332, 1338(b), and 1367.  Venue is proper in this

20 district pursuant to 28 U.S.C. § 1391(b).

21 **III.   FACTS**

22      This is a trademark infringement case.  Beginning in 1995 and continuing until the sale of

23 its identity and authentication business to Symantec in 2010, VeriSign, Inc. ("VeriSign") used a

24 distinctive checkmark symbol (the "Checkmark Logo") as a trademark to identify its online

25 identity and authentication security services.  The Checkmark Logo is one of the most recognized

26 symbols of online security, signifying to millions of consumers each day that the websites they

27 interact with are authentic and that the consumers' information will be protected when they share

28 it with those sites.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   On May 19, 2010, Symantec announced its acquisition of VeriSign's identity and authentication security business, and announced Symantec's plans to incorporate the Checkmark Logo into a Symantec company logo. Shortly thereafter, on September 30, 2010, Comodo announced a new logo for Comodo's Internet security services, which Symantec contends is confusingly similar to the well-known Checkmark Logo now owned by Symantec.

Plaintiff filed this action on February 18, 2011, seeking relief for Comodo's intentional infringement of Symantec's registered trademarks Registration Nos. 3671293 and 3861132, and the associated unfair competition committed by Comodo in the adoption and use of a confusingly similar logo for directly competitive goods and services. Comodo was served on May 18, 2011 and has not yet answered. The parties have stipulated on several occasions to extend the time for Comodo's response to the Complaint to facilitate the parties' settlement efforts.

The parties continue to be engaged in meaningful settlement discussions, and have made progress toward resolution of this matter. The parties have reached an agreement in principle which they are in the process of formalizing. This agreement would resolve both the instant litigation and the concurrently pending cancellation proceeding before the United States Patent and Trademark Office.

**IV.   FACTUAL ISSUES**

Currently the following factual issues presented by Symantec's claims against Comodo:

i.   Whether Comodo had actual notice and knowledge, or had constructive notice, of Plaintiff's ownership, registrations, and rights in the Checkmark Logo;

ii.   Whether Comodo's unauthorized use of its checkmark logo is likely to cause consumers to be confused as to the source, nature, and quality of the products and services Comodo is promoting or selling;

iii.   Whether Comodo's unauthorized use of its confusingly similar checkmark logo falsely suggests that its products and services are connected with, sponsored by, affiliated with, or related to Plaintiff.

## V. LEGAL ISSUES

Currently the following legal issues presented by Symantec's claims against Comodo:

i. Whether Comodo's adoption and use of its checkmark logo infringes Symantec's trademark under the Lanham Act or California law;

ii. Whether Symantec has been and continues to be irreparably harmed by Comodo's actions;

iii. Whether Comodo's infringement was willful.

Symantec reserves the right to contest any additional factual or legal assertions in the event Comodo is served, enters an appearance and raises such issues.

## VI. MOTIONS

Neither party has yet filed any motions.

## VII. AMENDMENT OF PLEADINGS

Plaintiff reserves the right to amend its complaint as it continues to investigate Comodo's infringing acts.

## VIII. EVIDENCE PRESERVATION

Symantec has taken reasonable steps to preserve evidence, including electronically stored information, as well as all relevant hard copy files.

## IX. DISCLOSURES

As Comodo has not yet answered the complaint, the parties believe it premature to set any other schedule, such as for party disclosures under Rule 26(a)(1) and other obligations under the Northern District's Local Rules, and for trial.

## X. DISCOVERY

Neither Symantec nor Comodo has served discovery requests on any parties to the Action or on any third parties. Symantec anticipates that the scope of discovery will cover the factual and legal issues identified above, including all related, ancillary, and subsidiary factual and legal issues and matters.

## XI. CLASS ACTIONS

This matter is not a class action.

**XII. RELATED CASES**

There are no related cases to this action at this time.

**XIII. RELIEF**

As pleaded in its complaint, Plaintiff Symantec seeks:

i. Entry of an order and judgment requiring that Comodo and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with it, be enjoined and restrained from (a) using in any manner the Checkmark Logo, mark or domain name that wholly incorporates the Checkmark Logo or is confusingly similar to, or a colorable imitation of this mark, including, without limitation, any trademark incorporating the Checkmark Logo; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Plaintiff's products or services, as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between Comodo and Plaintiff;

ii. A judgment ordering Comodo, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Comodo has complied with the injunction, ceased all use of the trademark as set forth above;

iii. A judgment order ordering Comodo, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all articles, packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles or other matter in the possession, custody, or under the control of Comodo or its agents bearing the trademark in any manner, or any mark that is confusingly similar to or a colorable imitation of this mark, including without limitation the Comodo trademark, both alone and in combination with other words or terms;

1    iv.    A judgment in the amount of Plaintiff's actual damages, Comodo's profits, Plaintiff's reasonable attorneys' fees and costs of suit, and pre-judgment interest pursuant to 15 U.S.C. § 1117 in an amount to be determined at trial;

v.    A judgment for enhanced damages under 15 U.S.C. §1117 and punitive damages under state law as appropriate;

vi.    A judgment granting Plaintiff such other and further relief as the Court deems just and proper.

**XIV.   SETTLEMENT AND ADR**

With respect to ADR, the parties have not yet reached an agreement, as they are currently pursuing efforts at resolving the case outside of any formal ADR process.

**XV.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Symantec does not consent to a magistrate judge for all purposes.

**XVI.   OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XVII.  NARROWING OF ISSUES**

The parties are not aware of any issues that can be narrowed at this time.  However, as noted above the parties have reached an agreement in principle for the resolution of this litigation.

**XVIII. SCHEDULING**

In light of the parties ongoing settlement discussions, the parties request that the case management conference set for February 3, 2011 at 10:00 AM be continued for at least 60 days (subject to the convenience of the Court); and that the parties initial disclosure obligations under Rule 26(f) be extended to 14 days prior to the case management conference.

**XIX.   TRIAL**

Symantec has requested a jury trial.  Although the parties except the case to settle through their ongoing efforts, if the case does not settle Symantec expects the trial to require 10 court days.

1   **XX.**  **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On February 24, 2011, plaintiff's filed their "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating: VeriSign, Inc. Defendant Comodo has not yet entered an appearance or filed their "Certification of Interested Entities or Persons".

Dated: January 27, 2011            FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
     Jedediah Wakefield

Attorneys for Plaintiff
SYMANTEC CORPORATION

# [PROPOSED] ORDER

The case management conference set before Judge Edward J. Davila on February 3, 2012 at 10:00 AM is hereby continued until ___April 6___ 2012. On or before ___March 30___ 2012, the parties shall file an updated joint case management conference statement. The parties' initial disclosures shall be served at least 14 days prior to the case management conference.

**IT IS SO ORDERED.**

Dated: ___January 31,___, 2012                    _____
                                                  The Honorable Edward J. Davila
                                                  United States District Court Judge